UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LUIS FARIAS MENDOZA,<br><br>    Defendant,<br><br>and<br><br>DON BELL, III,<br><br>    Third Party Claimant. | NO. CR07-5609 FDB<br><br>FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW |

      This action came on for an evidentiary hearing before the Court sitting without a jury, in an ancillary proceeding in the above-captioned criminal case, pursuant to Title 21, United States Code, Section 853(n), regarding the forfeiture of the real property located at 2727 Aberdeen Avenue, Hoquiam, Washington. Assistant United States Attorneys Richard E. Cohen and Matthew H. Thomas appeared on behalf of the United States. Steven G. McNeill appeared on behalf of petitioner Don Bell, III. Having heard the testimony, examined the evidence submitted by the parties, and heard the arguments of their counsel, and this cause having been submitted for decision, the Court, being fully

advised, makes the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

1. On December 28, 2007, Defendant Luis Farias Mendoza pleaded guilty to one count of Distribution of Methamphetamine. As part of his plea agreement Defendant Farias Mendoza agreed to forfeit to the United States all of his right, title and interest in all property that was used or intended to be used to commit or to facilitate the commission of the offense of distribution of methamphetamine and all property constituting or derived from the proceeds of such offenses, including specifically the real property located at 2727 Aberdeen Avenue, Hoquiam, Washington, and all cash seized from the Defendant.

2. This Court entered a Preliminary Order of Forfeiture at the time of Defendant Farias Mendoza's sentencing on March 28, 2008, forfeiting the real property located at 2727 Aberdeen Avenue, Hoquiam, Washington to the United States. The Court found that the real property was forfeitable, because it constituted the proceeds or was derived from the proceeds the Defendant obtained from the distribution of methamphetamine.

3. The United States published notice of the Preliminary Order of Forfeiture and served notice of Preliminary Order of Forfeiture and the right to file a petition to contest the forfeiture, on the titled owner of the property, Don Bell III, and on Karen J. Powers, prior owner of record on the property.

4. The service on Karen J. Powers was sent certified mail, return receipt requested, on May 9, 2008, to her post office box in Seattle, Washington.

5. The certified letter was signed for on May 28, 2008, and the receipt was returned to the United States Attorney. Ms. Powers received the notice, based on the testimony of Don Bell that he spoke with her about the notice she had received.

6. Karen J. Powers did not file a petition in this action with the Court, or otherwise appear in this action.

7. Don Bell, III filed a petition on June 12, 2008, through his attorney, Steven G. McNeill.

8. Karen J. Powers transferred title to the real property at 2727 Aberdeen Avenue, Hoquiam, Washington, to Don Bell via a Statutory Warranty Deed dated July 28, 1999, and recorded said Deed in Grays Harbor County on August 2, 1999.

9. Per a written one-page contract, on March 7, 2006, Bell sold the property, per the face of the contract, to Francisco Estrada-Cuevas for $15,000 down and twenty four monthly payments of $1,582.96, payments to begin April 5, 2006. Francisco Estrada-Cuevas did not speak English. The contract provided for the signatures of the owner, buyer and translator. Luis Farias Mendoza also signed the contract. The contract was signed at the office of an insurance agent and the signatures were witnessed and notarized by Debbie M. Martin. The $15,000 down payment was made in cash at the time the contract was signed.

10. Dr. Bell, a local chiropractor, was originally approached by a patient, Luis Farias, about purchasing a property from him. Bell originally offered to show Farias Mendoza his residence, but ultimately Luis Farias Mendoza saw the residence and stated that he was not interested in purchasing it.

11. Bell then told Farias-Mendoza about the small residence he owned that was located at 2727 Aberdeen Avenue in Hoquiam.

12. Farias Mendoza was interested in purchasing the property at 2727 Aberdeen Avenue, but subsequently introduced Francisco Estrada-Cuevas to Bell and indicated that the sale be put in the name of Francisco Estrada-Cuevas.

13. Bell told Grays Harbor County Task Force Detective Keith Fouts when he interviewed him in late July, 2007, that it was obvious to him that it was Luis buying the property, not Francisco. Bell also stated in a signed written statement dated August 20, 2007, that "Luis Antonio Farias-Mendoza is who I know as Louie and bought my property at 2727 Aberdeen Avenue."

14. Payments on the purchase were always made in cash and Luis Farias

Mendoza made most of those payments in person. No documentary evidence was introduced by Bell as to receipt of payments.

15. According to what Dr. Bell told Detective Fouts in late July, 2007, the contract was paid off in full on the first of July, 2007. Dr. Bell's written statement also supports this, although there is a inconsistency in the time that Bell says that it took Luis to pay off the house. In addition, Bell told Detective Fouts and repeated in his statement that Louis had requested that Bell put the deed to the house in someone else's name, and according to what Bell told Detective Fouts, that other person was Luis' sister, Ariadna Farias.

16. Bell testified that Francisco Estrada-Cuevas was the purchaser of the property and that Farias Mendoza merely acted as an interpreter. Bell testified that Estrada-Cuevas defaulted on the contract in July of 2007 and that he was still owned on the contract.

17. I find that based on both the signed statement and the testimony of Detective Fouts, that Luis Farias Mendoza did in fact pay Bell in full the payments on the house, that he did so by the beginning of July, 2007, and that once the contract was paid off, Luis asked Bell to put the property in his sister's name when he transferred title to the property. No other interpretation of the admission in the signed statement, that Luis requested Bell put the property in someone else's name, makes sense, because the contract had already been put in Cuevas' name at the time it was signed in March, 2006.

## CONCLUSIONS OF LAW

1. The substantive elements for a third party to obtain an amendment of an order of forfeiture are set forth in Title 21, United States Code, Section 853(n)(6).

2. The burden of proof is on the third party petitioner to establish by the preponderance of the evidence that he has an ownership interest in the property. Title 21, United States Code, Section 853(n)(6).

3. A petitioner can only prevail if he can demonstrate either (A) that he had a superior interest in the property to that of the defendant at the time of the illegal acts

giving rise to the forfeiture, or (B) that after the violation he purchased the defendant's interest in the property as a bona fide purchaser for value, and did not have reason to believe the property was subject to forfeiture at the time he acquired his interest. U.S. v. BCCI Holdings, Luxembourg, S.A., 69 F.Supp.2d 36, 52, 60-61.

4. Under either circumstance the petitioner bears the burden of establishing an ownership interest in the property. U.S. v. Nava, 404 F.3d at 1124-25

5. State law determines whether a petitioner has an ownership interest in property. Once ownership interests are defined under state law, federal law, specifically the federal forfeiture statutes, determine whether or not that interest can be forfeited to the government. United States v. Lester, 85 F.3d 1409, 1412 (9th Cir. 1996); United States v. Hooper, 229 F.3d 818, 820 (9th Cir. 2000). *See also*, U.S. v. BCCI Holdings, Luxembourg, S.A., 69 F.Supp.2d at 57

6. In the instant action, Petitioner Dr. Don Bell was the land contract vendor, selling the property at 2727 Aberdeen Avenue, Hoquiam, Washington. Luis Farias Mendoza was the purchaser of the property. While he initially put the contract in the name of Francisco Estrada-Cuevas, Estrada Cuevas was merely a straw owner of the property. It was apparent to Dr. Bell, and it is apparent to this Court, that Luis Farias-Mendoza was the person who was purchasing the real property at 2727 Aberdeen Avenue, that he provided all of the cash to Bell and that Luis exercised dominion and control over the property. It was Luis Farias Mendoza who instructed Bell on whose name to place the deed to the property when it became time for Bell to transfer the title after the property was paid off. A straw owner without dominion and control over property has no interest in the property, and has no right to contest the forfeiture of the property to the United States. *See* United States v. Ida, 14 F. Supp.2d 454, 460-61 (S.D. N.Y. 1998); U.S. v. Premises Known as 526 Liscum Drive, Dayton, Montgomery County, Ohio, 866 F.2d 213 (6th Cir. 1989); U.S. v. Premises Known as 717 South Woodard Street, Allentown, Pa., 804 F. Supp. 716 (E.D. PA 1992).

7. Under Washington law "a real estate contract means any written agreement

for the sale of real property in which legal title to the property is retained by the seller as security for payment of the purchase price...." R.C.W. § 64.04.010(1); <u>Barbanti v. Quality Loan Service Corp.</u>, 2006 WL 1889255 (E.D. Wash. July 7, 2006). The interest in property which the contract seller retains is merely a security interest in the property, equivalent to that of a mortgage holder or beneficiary of a deed of trust. <u>Tomlinson v. Clarke</u>, 118 Wn.2d 498, 825 P.2d 706 (1992); <u>In re McDaniel</u>, 89 B.R. 861 (E.D. Wash. 1988). "A contract seller's retention of title is a security device functionally similar to a real estate mortgage or deed of trust." <u>Terry v. Born</u>, 24 Wn.App. 652, 655, 604 P.2d 504, 506 (1979).

   *8.*   Because all of the payments were made under the contract, Bell had an obligation to transfer the title to Luis Farias Mendoza or to his designee.

   9.   As of the first of July, 2007, Don Bell no longer had an interest in the real property located at 2727 Aberdeen Avenue, Hoquiam, Washington. The interest belonged to Luis Farias Mendoza, by Farias Mendoza's own admissions in his plea agreement, he had acquired that interest with the proceeds from the distribution of methamphetamine. That interest was then forfeited to the United States upon entry of the Preliminary Order of Forfeiture.

   10.   Petitioner Bell has failed to meet his burden of establishing by a preponderance of the evidence that he has an ownership interest in the real property located at 2727 Aberdeen Avenue, Hoquiam, Washington.

   11.   Petitioner Bell has failed to meet his burden of establishing by a preponderance of the evidence that he had a superior right, title or interest in the real property located at 2727 Aberdeen Avenue, Hoquiam, Washington, to that of Luis Farias Mendoza at the time of the illegal acts giving rise to the forfeiture; that is the purchase of the property through payments made by the proceeds of the sale of methamphetamine.

   12.   Therefore, Petitioner Don Bell III's petition to recover the property located at 2727 Aberdeen Avenue, Hoquiam, Washington, is denied.

   13.   Karen J. Powers was timely served with notice of her right to petition the

Court to assert an interest in the real property located at 2727 Aberdeen Avenue, Hoquiam, Washington, and failed to fail a petition in this action or otherwise to appear to contest the forfeiture, and her time to do so has expired.

14. No other person or entity has appeared to contest the forfeiture of the real property located at 2727 Aberdeen Avenue, Hoquiam, Washington, and the time to do so has expired.

15. The real property located at 2727 Aberdeen Avenue, Hoquiam, Washington is fully and finally forfeited to the United States.

16. To the extent that any of the foregoing Findings of Fact are deemed to be Conclusions of Law, they are incorporated into these Conclusions of Law.

17. The United States is directed to submit a Final Order of Forfeiture no later than ten days following the entry of these Findings of Fact and Conclusions of Law.

DATED this 2nd day of December, 2008.

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE